UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JAMES R. DOTY,<br><br>    Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>    Defendant. | Case No. 24-cv-04829-YGR   (RMI)<br><br>**ORDER ON JOINT LETTER BRIEF**<br><br>Re: Dkt. No. 36 |

Before the court is the parties' Joint Letter Brief (dkt 36), wherein Defendant Unum Life Insurance Company of America ("Unum") asserts that Plaintiff James Doty has failed to supplement deficient discovery responses and document production. Plaintiff disagrees. The court finds these matters suitable for disposition on the papers and will address the issues as they are presented by the parties.

**RFP Nos. 1-74:**

Unum states that "Plaintiff's responses fail to state whether all responsive, non-privileged documents have been produced, nor do they clarify whether any responsive documents have been withheld based on the asserted objections." (Dkt. 36, p. 2). Plaintiff evades this straightforward request, instead protesting that "Unum fails to identify with specificity what documents it believes were 'withheld' or how Plaintiff's responses materially impair its ability to prepare its case. Courts prohibit fishing expeditions", "Unum's overly broad, unduly burdensome discovery requests are disproportionate to the needs of this case", and "[t]o the extent any responsive documents are

possessed by third parties, they are obtainable by Unum through less burdensome means."[1] *Id*. at 36. None of this is even remotely responsive to the basic request that Plaintiff identify whether all responsive documents have been produced, whether any have been withheld, and the basis for any withholdings. Accordingly, this request is GRANTED. Plaintiff shall clearly state whether he has produced all responsive documents, whether some have been withheld, and what objections he asserts to producing any withheld documents.

In addition, Unum states that Plaintiff has acknowledged that he "inadvertently missed" some responsive documents during production. *Id.* at 2. Plaintiff is to produce all such documents to Unum forthwith.

**RFP Nos. 24 & 27:**

Unum seeks the production of all documents that support Plaintiff's claim for *Brandt*[2] (attorney's fees) damages. Plaintiff responds that these requests are premature and that "[n]o waiver of privilege occurs merely by requesting *Brandt* fees." *Id*. However, "by claiming the attorneys' fees incurred in the pursuit of [his] breach of contract claim, Plaintiff has put them at issue and thereby waived the privilege." *Figuerola v. Nationwide Agribusiness Ins. Company*, No. 219CV07491FMOMAA, 2020 WL 13866587, at *11 (C.D. Cal. Aug. 28, 2020); *see also San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 15CV1401-BEN-MDD, 2017 WL 2465026, at *1–*2 (S.D. Cal. June 7, 2017) ("[B]y seeking to recover the fees expended in this litigation, Plaintiffs have waived the privileges that might have covered the information. . . . By asserting a claim for *Brandt* fees, Plaintiff has waived any privileges that would prevent disclosure of the documents supporting the damages Plaintiff seeks.") (collecting cases) (internal citations omitted). Moreover, like the *San Diego Unified Port District* court, this

---

[1] This last statement gets the prevailing rule exactly backwards: "Courts frequently limit discovery sought from non-parties when the requesting party could seek the same information from another party in the litigation." *Guardant Health, Inc. v. Pers. Genome Diagnostics, Inc.*, No. 19-MC-80131-SVK, 2019 WL 13243011, at *3 (N.D. Cal. July 22, 2019).

[2] "*Brandt* fees" are the fees incurred by a plaintiff to secure enforcement of contracted insurance benefits in a breach of the good faith covenant action and are recoverable as economic damages. *Brandt v. Super. Ct.*, 37 Cal. 3d 813, 817 (1985).

2

court finds no basis to hold off on the production of these records. *See San Diego Unified Port District*, 2017 WL 2465026, at *2. Accordingly, this request to compel is GRANTED. Plaintiff shall produce the documents forthwith. Plaintiff may redact billing entries or other parts of these documents that are irrelevant to Plaintiff's claim for damages, including billing entries for time that the Plaintiff does not seek to recover as contract damages.

**RFPs Nos. 33-35:**

These requests for production appear to be tethered to Unum's proposed counterclaim, in which it intends to challenge Plaintiff's eligibility for Unum's previous Total Disability determination. However, the current operative complaint only concerns the Residual Disability determination that took place prior to the Total Disability finding. Unless and until Unum is allowed to amend its answer to include the counterclaim, the information sought here does not appear relevant. Accordingly, this request is DENIED without prejudice to Unum's ability to re-raise the requests following a determination on the pending motion to amend. The court will also note that Plaintiff's objections to burden are not well taken.

**RFP Nos. 41-43:**

Although the material requested here may also be related to Unum's proposed counterclaim, it is also relevant to the current claims and defenses because the time period includes the Residual Disability period. In addition, the recent California Medical Board proceedings could contain materials relevant to the current claims. Accordingly, this request is GRANTED and Plaintiff shall produce all non-privileged documents related to any actions, claims, or lawsuits filed by the California Medical Board against Plaintiff between January 1, 2008, and the present.

**RFP Nos. 45-49, 59:**

To these RFPs, Plaintiff asserts his canned litany of boilerplate objections and then makes further objections as to the meaning of certain words or phrases within the requests, such as "medical entrepreneur", "injury", "accident", "initiatives", and "those who bring service to the world." (Dkt. 36-2, pp. 2–5.) For its part, Unum points out that it was merely using words and phrases "taken directly from Plaintiff's book, Mind Magic." (Dkt. 36, p. 5).

The court is confident that Plaintiff can meaningfully respond to these requests using his own understanding of these terms and phrases. Accordingly, it OVERRULES Plaintiff's objections and DENIES his requests for clarification.

**RFP No. 53**:

RFP No 53 requests: "All DOCUMENTS that evidence, mention, reflect, refer to, or relate to YOUR position, employment and/or job duties at Healthcube." (Dkt. 36-2, p. 8). Plaintiff responded that "after conducting a diligent search and a reasonable inquiry, Plaintiff is unable to produce responsive documents as he does not know an entity by that name." *Id*. In the letter brief, Unum asserts that this is false, as "Plaintiff's current LinkedIn profile states that he is on the board of Healthcube." (Dkt. 36, p. 3). Plaintiff does not address this issue in his portion of the letter brief.

Either there is a mistake or deception is at hand. In either case, however, Plaintiff has certified that he does not know any entity by that name. If that answer is not subsequently amended, it certainly can be questioned and explored at deposition. If it is determined that a party has falsified an answer in discovery, there are certain and various remedies for the aggrieved party. Accordingly, whatever the request is here, it is DENIED.

**RFP. No 60:**

The court finds that Unum has shown the necessary relevance for the production of Plaintiff's "contracts with Penguin Random House to publish and/or write a book or books, YOUR book Into the Magic Shop." Plaintiff's complaint alleges diminished capacity based on various physical ailments, extreme fatigue, and other serious impairments. Plaintiff challenges Unum's denial of Plaintiff's claims. Plaintiff's ability to engage in other activities, including writing books, is relevant to this case. Accordingly, Plaintiff's objections are OVERRULED. Plaintiff may produce responsive materials subject to a protective order at his discretion.

**RFP Nos. 62:**

This RFP seeks all documents that constitute, reflect, or refer to Plaintiff's communications with Laura Love regarding his book Into the Magic Shop. Plaintiff has responded to the request by stating that "after conducting a diligent search and a reasonable inquiry, Plaintiff

4

1  is unable to produce responsive documents as he does not know anyone by that name." (Dkt. 36-2,
2  p. 14). In the Letter Brief, Unum accuses Plaintiff of deceit because "[o]n page 276 of his book
3  Into the Magic Shop, Plaintiff expressly stated that Laura Love is his close friend." (Dkt. 36, p. 3).
4  Plaintiff does not address this issue.

5  Either there is a mistake or deception is at hand. Or maybe Into the Magic Shop is a mix
6  of fact and fiction, or Laura Love is a pseudonym, or even a metaphor. At any rate, Plaintiff has
7  certified that he does not know anyone by that name. If that answer is not subsequently amended,
8  it certainly can be questioned and explored at deposition. If it is determined that a party has
9  falsified an answer in discovery, there are certain and various remedies for the aggrieved party.
10 Accordingly, whatever the request is here, it is DENIED.

11 **RFP Nos. 67-74:**

12 Unum states that the basis for requesting personal financial records from Plaintiff is
13 because he "filed this action seeking to recover emotional distress damages allegedly caused by
14 Unum's handling of his insurance claim" and that "[c]ourts have repeatedly held that where, as
15 here, a plaintiff claims emotional distress damages due to financial distress or otherwise puts his
16 or her financial condition at issue, their financial records are relevant and discoverable." (Dkt. 36,
17 p. 4). Plaintiff counters that "Plaintiff's emotional distress claim does not stem from financial
18 distress." *Id*. at 6. Notably, each of these requests starts with the phrase "If YOU claim that YOU
19 suffered emotional distress due to financial hardship as a result of UNUM's conduct . . .". *Id.* at
20 16–19. While Plaintiff states in his briefing that he is not making such a claim, his responses to the
21 RFPs were boilerplate. Accordingly, Plaintiff shall amend his responses to the RFPs to certify that
22 he is not claiming emotional distress due to financial hardship as a result of Unum's conduct.

23 **RFP Nos. 61, 63, 64, & 66:**

24 Here, Unum seeks all communications between Plaintiff and his literary agents regarding
25 any books he may have written. Plaintiff objects based on relevance and proportionality. As to
26 relevance, as the court found *supra*, this activity (writing books) is relevant to Plaintiff's disability.
27 As to his proportionality objection, Plaintiff has failed to carry his burden, as he presented no
28 information in support of his assertion. *See, e.g., Colaco v. ASIC Advantage Simplified Pension*

5

*Plan*, 301 F.R.D. 431, 434 (N.D. Cal. 2014) ("Once the moving party establishes that the information requested is within the scope of permissible discovery, the burden shifts to the party opposing discovery."). Accordingly, Plaintiff's objections are OVERRULED and he is instructed to provide Unum with the responsive documents.

**IT IS SO ORDERED.**

Dated: June 10, 2025

_____
ROBERT M. ILLMAN
United States Magistrate Judge