UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| JAMES R. DOTY,<br><br>  Plaintiff,<br><br>  v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>  Defendant. | Case No. 24-cv-04829-YGR<br><br>**ORDER ON EX PARTE APPLICATION**<br><br>Re: Dkt. No. 42 |

Before the court is Plaintiff's ex parte application (dkt. 42) for relief from this court's previous order (dkt. 39) compelling Plaintiff to produce certain discovery. Plaintiff alleges that he has been hospitalized since October of last year, is largely bedridden, requires help with the most basic tasks, suffers from marked physical and cognitive fatigue, and is experiencing memory problems. These allegations are supported by the declaration of his treating physician, who estimates that Plaintiff will be hospitalized at least through the beginning of September. Accordingly, Plaintiff asks the court to give him until September 10 to produce the ordered discovery.

For its part, Defendant notes that Plaintiff received the discovery requests at issue in December of 2024 and that the court recently ordered Plaintiff to produce some portions of the discovery "forthwith." Defendant further faults Plaintiff for seeking relief *ex parte* and for failing to inform the court about the severity of his condition earlier. Defendant is also concerned about a mediation deadline set for September 30, stating that it cannot mediate in good faith without the basic discovery it has requested from Plaintiff.

The court is sympathetic to both parties' concerns. Plaintiff appears to be seriously ill and

in no state to take an active role in discovery at the moment. However, it would be inequitable to allow Plaintiff to continue propounding discovery on Defendant while Defendant has been unable to obtain basic discovery from Plaintiff.

Accordingly, good cause appearing, the court will GRANT Plaintiff's motion. The discovery which the court ordered Plaintiff to produce must be delivered to Defendant on or before September 10, 2025. Any requests to extend this deadline must be filed no later than September 3, 2025, and must be made in the form of a joint letter brief after the parties have met and conferred.

In fairness to Defendant, the Court will STAY consideration of Plaintiff's motion (dkt. 38) to compel discovery from Defendant until after Plaintiff has produced the ordered discovery to Defendant. While the court believes that certain elements of Plaintiff's motion to compel are meritorious, it would be inequitable to compel Defendant to produce this late-stage discovery while Plaintiff fails to produce early-stage discovery to Defendant as previously ordered by the court.

**IT IS SO ORDERED.**

Dated: July 2, 2025

ROBERT M. ILLMAN
United States Magistrate Judge