UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ZHDANOVICH-DOTY, | Case No. 4:24-cv-04829-YGR |
| Plaintiff, | The Honorable Robert M. Illman |
| v. | [~~PROPOSED~~] **ORDER REGARDING THE JANUARY 6, 2026 DISCOVERY HEARING** |
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY and DOES 1-10, | |
| Defendants. | |

On January 6, 2026, the court held a discovery hearing via Zoom in the above-entitled matter. Matthew Bourhis appeared on behalf of Plaintiff Maria Zhdanovich-Doty ("Plaintiff"). Theona Zhordania and Charles A. Danaher appeared on behalf of Defendant Provident Life and Accident Insurance Company ("Defendant").

The court, having considered the June 10, 2025, Order (Doc. 39), the discovery at issue, the parties' arguments, and good cause appearing, hereby ORDERS as follows:

1. **Amended Responses to RFP Nos. 1-65**

Plaintiff shall provide amended or supplemental responses to Defendant's RFP Nos. 1- 65 that comply with the June 10, 2025, Order and Rule 34 of the Federal Rules of Civil Procedure. (*See* Doc. 39 at p. 1). Specifically, *each response* must state that, after a diligent search and reasonable inquiry:

   a. all responsive documents have been produced and no documents are being withheld based on any objection; or

   b. identify the subset of documents produced, specify which documents are being withheld, and identify the objection(s) pursuant to which they are withheld; or

   c. all responsive documents are being withheld and specify the objection pursuant to which they are withheld; or

   d. no responsive documents have been located and no documents are being withheld based on any objection.

Additionally, the amended or supplemental responses must be signed by counsel of record as a certification under Rule 26(g).

2. **Supplemental Production to RFP Nos. 41-43**

Plaintiff shall obtain from Dr. Doty's former counsel -- attorneys Brian M. Taylor and Ian K. McGlone of Boutin Jones and Greg Abrams of Abrams Health Law -- their entire file relating to the administrative proceeding involving Dr. Doty before the California Medical Board. See White v. Molfetta, 64 Cal. App. 5th 628, 637 (2021) ("[T]he client's file is the property of the client, in California, the obligation to turn it over is activated by a request, either from the client himself or from the client's new

counsel"); *Taylor v. Cnty. of Los Angeles*, 50 Cal. App. 5th 205 (2020) (same); *see also* Cal. Rules Prof. Conduct, rule 1.16(e)(1).

Records held by Dr. Doty's former counsel are considered to be within Plaintiff's control under Federal Rule of Civil Procedure 34. *See In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 22-MD-03047-YGR (PHK), 2024 WL 4125618 (N.D. Cal. Sept. 6, 2024) (analyzing test for "control" under federal law, noting the control test is applied "broadly," and noting that federal courts can order production of documents despite state court restrictions); *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) ("[c]ontrol is defined as the legal right to obtain documents on demand") (quoting *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989)).

To comply with Defendant's RFP Nos. 41–43, Plaintiff shall either (a) produce the entire file to Defendant's counsel under the parties' protective order, or (b) produce the following documents:

a. Transcript(s) of the administrative hearing held before Administrative Law Judge Holly Baldwin from September 18 through September 20, 2023. Dr. Doty's post-hearing brief, produced by the California Medical Board, cites pages and lines from the transcript, indicating that Dr. Doty's attorneys possess a copy.

b. A digital copy or recording of the August 23, 2021 interview of Dr. Doty conducted by Investigator Daniel Schuman, which was marked as Exhibit 8 during the administrative hearing.

c. Transcript of the June 2019 interview of Dr. Doty by the California Department of Public Health ("CDPH"), referenced on page 15, footnote 5 of the Decision issued by the California Medical Board. (*See* Doc. 28-1 at p. 174).

d. Transcript of any other deposition, interview, or testimony by Dr. Doty in connection with the administrative hearing.

e. All motions *in limine* filed by Dr. Doty in connection with the administrative hearing.

1        f.      The motion to dismiss filed by Dr. Doty based on the doctrine of laches in
2  connection with the administrative hearing, if different from the motions *in limine*.

3        g.      Dr. Doty's Mandatory Settlement Conference statement, or any brief filed in
4  connection with the Mandatory Settlement Conference, related to the administrative
5  hearing.

6        h.      The Investigation Report prepared by Daniel Schuman regarding Dr. Doty,
7  with all attachments. (Division of Investigation, Health Quality Investigation Unit, San
8  Jose Field Office).

9        i.      Dr. Doty's Controlled Substance Utilization Review and Evaluation System
10 (CURES) Patient Activity Report run by investigator Daniel Schuman and attached as
11 Attachment 12 to his investigative report.

12       j.      Neuropsychological evaluation that Dr. Doty underwent at the request of the
13 El Camino Hospital's Care Review Committee ("CRC"), which determined that he did not
14 have an impairment affecting his ability to practice medicine, referenced in the
15 investigative report by Daniel Schuman.

16 To the extent any records contain confidential patient information, such information
17 may be redacted prior to production. Alternatively, Plaintiff may produce the records
18 pursuant to the parties' protective order, with Defendant's counsel responsible for
19 redacting any private or sensitive information of third parties.

20    3.   **Amended Responses to RFP Nos. 67-74**

21 For RFP Nos. 67-74, Plaintiff shall serve amended or supplemental responses
22 certifying that Plaintiff is not claiming that *Dr. Doty* suffered emotional distress due to
23 financial hardship resulting from Defendant's conduct. (*See* Doc. 39 at p. 5).

24    4.   **Supplemental Production to RFP Nos. 24, 27, 46, and 60**

25 In addition to providing amended responses in compliance with paragraph one
26 above, Plaintiff shall produce all documents responsive to RFP Nos. 24, 27, 46, and 60, in
27 her possession, custody and control, to the extent Plaintiff has not already done so. (*See*

1  Doc. 39).  Plaintiff shall produce such documents as they are kept in the ordinary course of
2  business or organize them by category, as required by Rule 34.

     5.    **Privilege Log**

If Plaintiff has withheld any responsive documents on the basis of attorney-client privilege or the work product doctrine, Plaintiff shall provide a privilege log containing: (a) a description of the responsive material withheld; (b) the identity and position of its author; (c) the date it was created; (d) the identity and position of all addressees and recipients; (e) the material's present location; and (f) the specific reasons for withholding the material, including the privilege asserted and the grounds supporting that assertion. *See Friends of Hope Valley v. Frederick County*, 268 F.R.D. 643, 650–51 (E.D. Cal. 2010).

     6.    **Deadline for Compliance**

Plaintiff shall comply with this Order on or before **January 20, 2026**.

     7.    **Joint Status Letter**

The parties shall jointly file a letter with Judge Illman regarding the status of Plaintiff's compliance with this Order on or before January 21, 2026.

**IT IS SO ORDERED.**

Dated:  January 7, 2026

Honorable Robert M. Illman
United States Magistrate Judge