UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

MARIA ZHDANOVICH-DOTY,

Plaintiff,

v.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

Defendant.

Case No.  24-cv-04829-YGR   (RMI)

**ORDER ON DISCOVERY LETTER
BRIEF**

Re: Dkt. No. 122

Now pending before the court is the Joint Discovery Letter Brief concerning issues with Plaintiff Maria Zhdanovich-Doty's recent deposition. (Letter Br., Dkt. 122.) Defendant Provident asks the court to (1) require Plaintiff to appear for a continued deposition, (2) strike Plaintiff's post-deposition "addendum," and (3) strike Plaintiff's errata sheet. (Letter Br. 1.) Plaintiff objects to all three requests and asks the court to impose sanctions on Defendant for unilaterally terminating the deposition. (Letter Br. 5.) Defendant's requests are based on Plaintiff's initial assertion of the marital communications privilege during the beginning of the deposition and later waiver of that privilege

After testifying about some conversations with her husband, Plaintiff was instructed not to answer certain questions based on the marital communication privilege, and Defendant objected to the instruction on the grounds that the privilege had already been waived as to that subject matter. With around two hours left until Plaintiff had to leave, her counsel instructed her to testify about all communications with her late husband and suggested to Defendant that the court reporter could read back the questions for which she had previously asserted the privilege so that Plaintiff could now answer them. Defendant's counsel objected that this was insufficient because it did not cover

follow-up questions or questions unasked because of the anticipated privilege assertion and that she should not have to abandon her current line of questioning to correct Plaintiff's improper privilege assertion. Defendant continued to depose Plaintiff for about another hour before unilaterally terminating the deposition over Plaintiff's objections to be able to read the deposition transcript to properly prepare questions based on the waiver of privilege. Because Plaintiff's counsel could not ask Plaintiff any questions with the court reporter present, he prepared an "addendum" containing some of his follow-up questions with Plaintiff's answers and sent it to Defendant. Plaintiff also sent an errata sheet after the deposition transcript came out in which she purported to clarify her answers with more context and retroactively waive the marital communications privilege.

First, Plaintiff should not have initially asserted the marital communications privilege on a question-by-question basis only to fully waive the privilege with only a couple hours left. Given the nature of the subject matter and procedural posture of this case, it was easily foreseeable that the content of Plaintiff's communications with her late husband would be relevant—Plaintiff's counsel's failure to properly prepare for the possible need to assert the privilege disrupted the deposition and was prejudicial to Defendant, particularly because such information is highly relevant to the case. Plaintiff's objection to Defendant's unilateral termination of the deposition with time remaining is well taken, but Plaintiff's lack of preparation and misuse of the asserted privilege is still the origin of the deposition issues. As such, Defendant is entitled to further depose Plaintiff to elicit and follow-up on testimony hindered by Plaintiff's counsel.

Moreover, a continued deposition would solve the issues with the addendum and errata sheet by giving Plaintiff's counsel more time to ask his questions on the record with Defendant's counsel present. As written, the addendum is a transcription by an unknown person of Plaintiff's counsel's interview of his client after the deposition ended and Defendant's counsel left. While Plaintiff's counsel should be given the opportunity to examine his client, he should do so properly on the record with Defendant's counsel given the opportunity for re-cross. The court STRIKES Plaintiff's addendum.

The errata sheet is also problematic. First, Plaintiff's attempt to answer questions in the

2

errata sheet that she previously refused to answer based on the asserted privilege does not rectify the initial assertion because it does not allow Defendant to follow-up, clarify, or further that line of questioning. Second, while it is true that Rule 30(e) does not on its face appear to limit substantive corrections, the weight of authority in this district holds that even outside of the summary judgment context, "Rule 30(e) may only be used for corrective, and not contradictory, changes." *Lewis v. The CCPOA Benefit Tr. Fund*, No. C-08-03228-VRW DMR, 2010 WL 3398521, at *3 (N.D. Cal. Aug. 27, 2010); *accord, e.g.*, *Young v. Cree, Inc.*, No. 17-CV-06252-YGR (TSH), 2019 WL 260853, at *1 (N.D. Cal. Jan. 18, 2019) (Northern District of California authorities favor using Rule 30(e) to prevent contradictory changes in errata sheets); *Lee v. The Pep Boys-Manny Moe & Jack of Cal.*, No. 12-CV-05064-JSC, 2015 WL 6471186, at *1–2 (N.D. Cal. Oct. 27, 2015) (striking contradictory errata sheet at class certification stage); *Teleshuttle Techs. LLC v. Microsoft Corp.*, No. C04-02927 JW(HRL), 2005 WL 3259992, at *2–3 (N.D. Cal. Nov. 29, 2005) (striking contradictory errata sheet on free-standing motion); *Mformation Techs., Inc. v. Rsch. in Motion Ltd.*, No. C08-04990 JW HRL, 2011 WL 2940289, at *1 (N.D. Cal. July 20, 2011) (same). Thus, the court STRIKES from the errata sheet the corrections made to the following sections as a belated waiver of the marital communications privilege: 76:23–77:2, 78:20–25, 79:10–12, 81:19–22, 82:7–10, and 98:17–24. The corrections to 83:16–23 and 122:24–123:8 on the same basis (waiver of marital communications privilege) are allowed to stand, as Plaintiff answered the questions at issue and the motion to strike her answers is withdrawn. The court also finds the corrections to the following sections to be impermissible contradictions and STRIKES them from the errata sheet: 44:9–44:18, 44:19–23, 87:11–22, 93:5–9, 173:10–25, and 200:20–23. Finally, the court STRIKES the corrections to sections 90:10–14 and 91:6–9 for referencing marital communications in the new answers. All other corrections on the errata sheet are acceptable contextual additions that are allowed to stand alongside the original testimony.

For the foregoing reasons, Defendant's request for a continued deposition of Plaintiff is GRANTED, Defendant's request to strike the addendum is GRANTED, and Defendant's request to strike the errata sheet is GRANTED in part and DENIED in part. Plaintiff's request for sanctions against Defendant is DENIED. Defendant is granted **two and a half (2.5) hours** of

United States District Court
Northern District of California

deposition time to ask Plaintiff those questions obstructed by Plaintiff's initial invocation of the marital communications privilege, including questions previously unasked, after which Plaintiff's counsel will be given an opportunity to ask Plaintiff questions on the record in accordance with Rule 30(c)(1). The parties will select a mutually agreeable time and place for the continued deposition and work diligently to ensure that the continuation is completed in one day.

**IT IS SO ORDERED.**

Dated: April 30, 2026

_____
ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

4