UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MARIA ZHDANOVICH-DOTY, | Case No.  24-cv-04829-YGR   (RMI) |
| Plaintiff, | |
| v. | **ORDER ON DISCOVERY LETTER BRIEF** |
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, | Re: Dkt. No. 124 |
| Defendant. | |

Before the court is the Joint Discovery Letter Brief, (dkt. 124), in which Plaintiff requests that the court compel Defendant (1) to provide complete responses to Plaintiff's Contention Interrogatories and Requests for Production of Documents ("RFPs"), (2) to provide complete responses to Plaintiff's RFP's Set One, (3) to produce Cesar Britos for a deposition, and (4) to pay sanctions pursuant to Rules 26(g) and 37(a). (Letter Br. 2, Dkt. 124.) Defendant objects to each of these requests. (Letter Br. 3, Dkt. 124.)

With regard to the request to compel further interrogatory responses, Plaintiff argues that Defendant's objection to the number of interrogatories is meritless and all other objections are boilerplate that violate the Federal Rules. First, Plaintiff's argument that Defendant's counterclaim "triggered new discovery obligations" that supersede the number limit on interrogatories in Rule 33(a)(1) has no basis in the language of the rule and is not supported by caselaw. Even without counting subparts, Plaintiff has exceeded the interrogatory limit. Moreover, Defendant is correct that "an interrogatory seeking the factual basis for request-for-admission denials is properly treated as a compound interrogatory." *NAACP of San Jose/Silicon Valley v. City of San Jose*, No. 21-CV-01705-PJH, 2022 WL 17436497, at *7 (N.D. Cal. Dec. 6, 2022); *accord Chapman v. Cal.*

United States District Court
Northern District of California

*Dep't of Educ.*, No. C-01-1780 CRB (EMC), 2002 WL 32854376, at *2 (N.D. Cal. Feb. 6, 2002) ("If the interrogatory relates to distinct and separate requests for admission, the interrogatories should be treated as the same number of subparts as there are requests for admission."). Accordingly, Interrogatory 17 asking Defendant to explain every denial of a Request for Admission counts as one interrogatory for each denial; because there were 18 denials, Plaintiff exhausted her interrogatories with the first set. *See, e.g.*, *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) ("Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each of 50 requests for admissions were based, however, essentially transforms each request for admission into an interrogatory."); *Squaregles LLC v. Laltitude LLC*, No. 2:23-CV-09751-CBM-BFM, 2025 WL 1720188, at *2 (C.D. Cal. May 7, 2025) (finding that interrogatories asking for a detailed explanation for each RFA denial have been consistently "treated as discrete subparts for each denied RFA"); *Jovanovich v. Redden Marine Supply, Inc.*, No. C10-924-RSM, 2011 WL 4459171, at *4 (W.D. Wash. Sept. 26, 2011) (finding that where an interrogatory incorporated 37 RFA responses and counted as 37 separate interrogatories, the responding party need only respond to the first 25 interrogatories served). Furthermore, Plaintiff apparently seeks to compel further responses to each and every "contention interrogatory," but at least some of Plaintiff's interrogatories are irrelevant, overly broad, and/or unduly burdensome, and a broad order sua sponte granting Plaintiff additional interrogatories and compelling responses is unjustified.[1] If Plaintiff seeks to get any more information via interrogatory, she must revise her interrogatories to be relevant and tailored, keeping in mind that

---

[1] For example, Interrogatories 2, 6, 10, 11, 13, and 14 ask for either "each and every fact," "all facts," "all evidence," or the "complete factual and legal basis" for a number of contentions in the counterclaim, which are facially overly broad and unduly burdensome. *See, e.g.*, *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *2 (N.D. Cal. Dec. 11, 2008) (finding contention interrogatories asking for "every fact" supporting the allegations were overly broad and unduly burdensome on their face); *Former S'holders of Cardiospectra, Inc. v. Volcano Corp.*, No. 12-CV-01535-WHO, 2013 WL 5513275, at *2 (N.D. Cal. Oct. 4, 2013) (acknowledging that interrogatories asking the plaintiffs to "state all facts" supporting various contentions were overly broad and tailoring by requiring only material facts to be disclosed). Interrogatories 5, 6, and 11 asking for caselaw, legal bases, or legal authority for Defendant's contentions do not clearly seek Defendant's theory of the application of law to the facts within the scope of Rule 26(b). *E.g.*, *Brady v. Grendene USA, Inc.*, No. 12CV604-GPC KSC, 2014 WL 4925578, at *6 (S.D. Cal. Sept. 26, 2014). Interrogatory 9 asking Defendant to identify "each and every instance" in the past ten years where it paid disability under reservation of rights and subsequently sought reimbursement is irrelevant to this case and excessively burdensome.

contention interrogatories are intended to "narrow the issues that will be addressed at trial and to enable the propounding party to determine the proof required to rebut the respondent's position," *Lexington Ins. Co. v. Commonwealth Ins. Co.*, No. C98-3477CRB(JCS), 1999 WL 33292943, at *7 (N.D. Cal. Sept. 17, 1999), and then she must seek permission from the court to serve those interrogatories and explain why good cause exists to expand the number of interrogatories allowed. Plaintiff's request to compel further answers to the interrogatories is DENIED.

Plaintiff identifies RFP Nos. 7, 9, 11, 15, and 16 from the first set as those with deficient responses necessitating the request to compel. However, the amended responses to the RFPs indicate that Defendant did produce documents responsive to RFP Nos. 7, 9, and 11—Plaintiff does not explain why this production was insufficient. Plaintiff also does not explain why Defendant's original response to RFP No. 15 that it was unable to locate any responsive documents is insufficient. The court sustains Defendant's objections to RFP No. 16 (Set 1) as it is irrelevant and overly broad as written. Accordingly, the court DENIES the request to compel further responses to RFPs Set One.

Plaintiff also asks for further responses to her third set of RFPs, arguing again that Defendant's objections are boilerplate, that Defendant's references to the "claims file" previously produced lack Bates numbers, and that Defendant failed to provide an adequate privilege log. While some of Defendant's objections are repeated, they do not rise to the level of "boilerplate" justifying sanctions. Moreover, some of the RFPs lack specificity such that Defendant's broad references to the claim files or other previously produced documents are reasonable, (*see, e.g.*, RFP No. 1 (Set 3)), while others suffer from similar relevancy or over broadness problems as the interrogatories, (*see, e.g.*, RFP No. 9 (Set 3)). Finally, Plaintiff does not explain for many of the RFPs why she is not equally able to find the requested documents among those already produced, nor why those documents already produced are not sufficient. The court DENIES the request to compel further production for every RFP (Set 3) on this basis.

With regard to Defendant's refusal to provide a privilege log, Defendant indicated in its responses that it was withholding documents on the basis of attorney-client privilege or work product doctrine that were not identified in a privilege log for RFP Nos. 2, 3, 4, 5, 6, 7, 9, 10, 11,

3

12, 14, 16, and 20 (Set 3). Defendant argues that no privilege log is necessary because Plaintiff seeks documents created after the commencement of this litigation. Defendant's responses to RFP Nos. 2, 3, 10, 11, 12, and 14 clarify that any additional documents withheld pursuant to these objections are withheld to the extent that they postdate the filing of the lawsuit. However, Defendant's attorney-client privilege and work product doctrine objections to RFP Nos. 5, 6, 7, 16, and 20 do not specify whether any documents withheld on these bases were created after the litigation commenced. Thus, Plaintiff's motion to compel is granted to the extent that any pre-litigation materials withheld on privilege grounds must be accounted for in a privilege log. The court ORDERS Defendant to supplement its answers to RFP. 5, 6, 7, 16, and 20 (Set 3), clarifying whether the documents withheld on the basis of the asserted privileges postdate the start of the litigation and, if not, providing a privilege log for any documents withheld on those bases. Defendant need not supplement its answers to RFP Nos. 9 or 15, as the court finds that these requests are irrelevant, overly broad, and unduly burdensome, or to RFP No. 21, as Defendant indicated that it would only seek attorney's fees as a sanction under the Federal Rules so there is nothing it needs to produce at this time.

Finally, Plaintiff's request to compel the appearance of Cesar Britos for a deposition is DENIED. Plaintiff's attempt to compel the deposition of the in-house counsel of a nonparty company who does not reside in this district without having served a subpoena or proper deposition notice solely because that counsel signed the creditor's claim against Dr. Doty is a facially invalid request and a waste of both this court's and the parties' resources.

Plaintiff's request for discovery sanctions under Rule 26(g) is DENIED. To the extent Plaintiff requested sanctions under Rule 37, the request is DENIED as there is no basis for sanctions and the request was not compliant with Civil Local Rule 37-4.

**IT IS SO ORDERED.**

Dated: April 30, 2026

ROBERT M. ILLMAN
United States Magistrate Judge

4