United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARIA ZHDANOVICH-DOTY,**<br><br>Plaintiff,<br><br>v.<br><br>**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY.**<br><br>Defendant. | Case No. 4:24-cv-04829-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 121 |

Plaintiff Maria Zhdanovich-Doty, on behalf of her late husband James Doty, brings this action against Provident Life and Accident Insurance Company ("Provident") for breach of contract and insurance bad faith. This action challenges Provident's decision denying Doty residual disability benefits for the period of August 12, 2014 to December 1, 2019.

This is the second time that the Court has considered plaintiff's significant delay in bringing suit. The Court previously granted Provident's motion for judgment on the pleadings with leave to amend. (Dkt. No. 118, "Prior JOP Order".) Here, the Court considers Provident's motion to dismiss the second amended complaint ("SAC"). (Dkt. No. 121.) Having carefully considered the pleadings and the papers submitted, the Court **GRANTS** Provident's motion to dismiss with prejudice.[1]

## I. BACKGROUND

### A. FACTUAL BACKGROUND

The facts are well known to the parties and were set forth in the Court's prior Order granting Provident's motion for judgment on the pleadings. The Court incorporates that background here and includes only those facts that are relevant to this motion. The SAC alleges as follows:

[1] The Court finds the motion appropriate for resolution without oral argument and the matter is deemed submitted. Fed. R. Civ. P. 78(b); Civ. L. R. 7-1(b).

United States District Court
Northern District of California

**1. Claim Submission**

On November 3, 2020, now-decedent James Doty retained counsel to assist with submitting a disability insurance claim. (SAC ¶ 40.) Prior to retaining counsel, Doty worked as a neurosurgeon "in a diminished capacity" given his "residual disability." (*Id.*)

On February 1, 2021, Doty submitted notice of an individual disability claim with Provident. (*Id.* ¶ 10.) Despite notice, Provident did not send Doty a claim form for filing his proof of loss. (*Id.* ¶ 11.) Doty submitted a claim to Provident on September 22, 2021, and again via fax on October 22, 2021. (*Id.* ¶ 12.) On December 20, 2022, Provident approved Doty's disability claim from December 1, 2019 to August 31, 2022 but denied his claim from January 1, 2008 to December 1, 2019. (*Id.* ¶¶ 13, 51.)

Doty appealed that decision and requested that Provident reevaluate his disability claim "for the period of August 12, 2014 to December 1, 2019 under the more lenient test for Residual Disability benefits." (*Id.* ¶ 14.) Provident denied Doty's appeal on February 20, 2024 (*id.* ¶ 16) and Doty filed this action on August 7, 2024.

**2. Contractual Requirements**

Provident's policy with Doty set forth a specific procedure to submit a disability claim. Doty was required to submit written notice "within 20 days after a covered loss starts or as soon as reasonably possible." (*Id.*, Ex. 1 at 18.) Once the insured notified Provident, the policy details:

> **Claim Forms.** When we receive your notice of claim, we will send you claim forms for filing proof of loss. If these forms are not given to you within 15 days, you will meet the proof of loss requirements by giving us a written statement of the nature and extent of your loss. You will give us this proof within the time set forth in the Proof of Loss section.

(*Id.*) Consistent with California Insurance Code § 10350.7, the policy set specific time-limits to file proof of loss. The policy states:

> **Proof of Loss.** If the policy provides for periodic payment for a continuing loss, you must give us written proof of loss within 90 days after the end of each period for which we are liable. For any other loss, written proof must be given within 90 days after such loss.
>
> If it was not reasonably possible for you to give written proof in the time required, we will not reduce or deny the claim for this reason if the proof is filed as soon as reasonably possible. In any event, the proof required must be furnished no later than one year after the 90 days unless you are legally unable to do so.

(*Id.*) Disability benefits were to be paid monthly. (*Id.* at 19.)

The policy also includes the following contractual limitations provision, per California Insurance Code § 10350.11:

> **Legal Actions.** You may not start a legal action to recover on this policy within 60 days after you give us required proof of loss. You may not start such action after three years from the time the proof of loss is required.

(*Id.*)

### B. Procedural Background

Provident initially moved for judgment on the pleadings on the basis that the policy's contractual limitations provision barred Doty's claim. Although the Court granted Provident's motion, it permitted Doty leave to amend given a potential "very narrow path forward." (Prior JOP Order.) The Court ruled that Doty's claim, as pled, was untimely and that plaintiff had not alleged sufficient facts to establish equitable tolling or estoppel. It also cautioned plaintiff's counsel of their Rule 11 obligation to not advance false allegations. Plaintiff had alleged that Doty submitted proof of loss by November 3, 2020 when other evidence in the record suggested that he did not submit proof of loss until October 22, 2021. (*Id.*)

Plaintiff elected to amend her complaint for a second time, which Provident now moves to dismiss. (Dkt. No. 121.)

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). The standard is well known and not in dispute.

## III. DISCUSSION

By way of overview, Provident moves to dismiss plaintiff's claims as untimely under the policy's contractual limitations provision. Provident raises many of the same arguments that persuaded the Court in ruling on Provident's motion for judgment on the pleadings. Plaintiff responds with two arguments based on her revised allegations. Plaintiff argues first that the policy's contractual limitations period does not apply, and second, even if the provision did apply, Doty

timely submitted proof of loss. The Court addresses each.[2]

### A. Application of the Contractual Limitations Provision

A claim may be untimely because of the claim's applicable statute of limitations *or* because of a contractual provision in the policy that limits when a legal claim may be filed. *Withrow v. Bache Halsey Stuart Shield, Inc.*, 655 F.3d 1032, 1035 (9th Cir. 2011); *see also Wetzel v. Lou Ehlers Cadillac Grp. Long Term Disability Ins. Program*, 222 F.3d 643, 648 (9th Cir. 2000) ("California courts have treated policy provisions that arise out of the application of Section 10350.11 as contractual limitations periods which operate distinct and apart from the statutory limitations period set by the state legislature.") This motion concerns the latter.

Under the contractual limitations provision in the parties' policy, Doty was prevented from taking legal action against Provident if Doty initiated that action more than three years after the date on which he was required to submit proof of loss. Plaintiff argues that the contractual limitations period should not apply for five reasons: (1) California Insurance Code § 10350 does not apply to Doty's policy because it is not a "selected group disability insurance" policy and therefore the contractual limitations provision should not have been included in the policy; (2) the notice-prejudice rule prevents its enforcement absent a showing of actual prejudice; (3) Provident is equitably estopped from asserting the contractual limitations period; (4) the policy's grace period excuses any delay; and (5) the policy's language is ambiguous and raises factual issues. The Court analyzes each in turn.

#### 1. *Section 10350.1 through 10350.12: Group v. Individual*

Plaintiff first argues that Sections 10350.1 through 10350.12 of the California Insurance Code do not apply to individual disability policies, so any provision similar to those sections in Doty's policy was therefore incorrectly included in the policy. In particular, plaintiff maintains that those sections do not govern Doty's individual disability policy because "Chapter Four" (entitled Standard Provisions in Disability Policies § 10270 to §10402) applies only to "selected *group*

---

[2] Plaintiff argues that Provident overwhelmingly cites cases which analyze ERISA, not breach of contract and insurance bad faith, claims. Although some cases involve ERISA, others involve breach of contract and insurance bad faith. Plaintiff herself cites to cases in the ERISA-context to support her timeliness argument. (Dkt. No. 123 at 10–11.) Moreover, plaintiff's argument confuses the accrual of a cause of action (like ERISA or breach of contract) with the contractual limitations period. Both apply.

United States District Court
Northern District of California

disability insurance." To support her argument, plaintiff points to Section 10270(b) of Insurance Code, which states that "[t]his chapter shall apply to selected group disability insurance as defined in Section 10270.97, except insofar as it is exempted from Section 10401."

The Court disagrees because the plain language of the statute proves otherwise. Although Section 10270(b) explains that chapter four of the insurance code applies to "selected group disability insurance," it does not state that the chapter applies *only* to group disability insurance. On the contrary, Section 10270(a) lists the types of insurance policies that are excluded under the chapter, and crucially, individual disability policies are not among that list.[3] *Smith v. Stonebridge Life Ins. Co.*, 582 F.Supp.2d 1209, 1218 (N.D. Cal. 2008) ("Notably, 'individual disability insurance' is not included as type of insurance excluded from coverage by the chapter. § 10270(a). Under the maxim of statutory construction, *expressio unius est exclusio alterius*, where exemptions are specified in a statute the court may not imply additional exemptions unless there is a clear legislative intent to the contrary.") (cleaned up). Moreover, the relevant section's text defining compulsory standard provisions explicitly states that "*each disability policy* delivered or issued for delivery to *any person* in this State shall contain the provisions specified in Sections 10350.1 to 10350.12." Cal. Ins. Code § 10350. That language covers this individual disability policy.

Plaintiff challenges here whether a provision following Section 10350.11 should have been included in the policy. Section 10350.11 states:

> A *disability policy* shall contain a provision which shall be in the form set forth herein.
>
> Legal Actions: No action at law or in equity shall be brought to recover on this policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished.

As noted above, the Court finds that the statute applies to *all* disability policies, not merely group policies as plaintiff argues. *See also Smith*, 582 F.Supp.2d at 1218. Unsurprisingly, plaintiff fails to cite a single case to support her argument. Plaintiff's argument fails.

---

[3] Cal. Ins. Code § 10270(a) provides: "This chapter shall not apply to workers' compensation insurance, any policy of liability insurance with or without supplementary coverage, or any policy or contract of reinsurance."

*2. Notice-Prejudice Rule*

Plaintiff next claims that the notice-prejudice rule supplants the policy's express contractual limitations provision.

Under California law, the notice-prejudice rule provides an insured a defense where the insured has failed "to give *timely notice* [by] requir[ing] the insurer to prove that it suffered substantial prejudice." *Shell Oil Co. v. Winterthur Swiss Ins. Co.,* 12 Cal.App.4th 715, 760 (1993) (emphasis supplied). Plaintiff boldly—and incorrectly—asserts that no court has ever addressed this issue. Not so. Plaintiff's position "conflates the Proof of Loss provisions with the Legal Action provisions of the policies," as Provident underscores in its reply. *See Bonin v. Provident Life & Accident Ins. Co.*, 2015 WL 1967260, at *5 (N.D. Cal. May 1, 2015).

"[W]hile the contractual limitations period begins to accrue on the date that proof of loss is *required,* it makes no difference—for purposes of the limitations period accrual date—whether or when proof of loss was actually given." *Id.* Unlike with a notice provision, "[California] courts require no showing of prejudice to enforce a statute of limitations, in insurance cases or otherwise." *Id.* (quoting *State Farm Fire & Cas. Co. v. Superior Court*, 210 Cal.App.3d 604, 612, (1989)); *see also Niagara Bottling, LLC v. Zurich Am. Ins. Co.*, 2019 WL 6729756, at *4 (C.D. Cal. Oct. 5, 2019) ("California's courts, including the California Supreme Court, have never extended the notice-prejudice rule to the contractual suit limitation provisions found in insurance policies."); *Keller v. Fed. Ins. Co.*, 765 F.App'x 271, 273 (9th Cir. 2019) ("[T]he notification and suit-limitation provisions are 'separate and distinct policy condition[s],' so the notification provision is 'irrelevant to the question of whether the limitation period had run.")

Plaintiff misses that distinction. Each of plaintiff's cited cases apply the notice-prejudice rule to whether a plaintiff timely provided proof of loss under the notice provision, not as to the legal action (or contractual limitations) provision. As many other courts have held, a plaintiff cannot use the notice-prejudice rule to circumvent the effect of a contractual limitations period. *Bonin*, 2015 WL 1967260, at *5; *State Farm Fire & Cas. Co.*, 210 Cal.App.3d at 612; *Enger v. Allstate Ins. Co.*, 2016 WL 10829363, at *5 (N.D. Cal. Apr. 5, 2016). This argument also fails.

*3. Equitable Estoppel*

Plaintiff argues that Provident should be equitably estopped from asserting the contractual limitations period because Provident (i) caused plaintiff's delay through its own conduct and (ii) failed to notify Doty of the contractual limitations period. Neither argument persuades.

*First*, Provident's conduct is not relevant to this analysis. As *Upadhyay* instructs, and plaintiff ignores, "the only reason why the contractual limitations period ran prior to [Doty] filing [his] claim for benefits is that [Doty] did not file [his] claim for benefits until . . . years after the deadline passed." *Upadhyay v. Aetna Life Ins. Co.*, 2014 WL 186709 (N.D. Cal. Jan. 16, 2014), aff'd, 645 F.App'x 569 (9th Cir. 2016). Had Doty not waited nearly twenty years to submit proof of loss, plaintiff would not be confronted with this issue. Plaintiff cannot avoid that conclusion by pointing to Provident's alleged conduct in reviewing Doty's claim.[4] She also cannot argue that Provident erred in not providing a claims form to Doty within 15 days because the policy required Doty to nonetheless "meet the proof of loss requirements by giving [Provident] a written statement of the nature and extent of [Doty's] loss." (SAC, Ex. 1 at 18.)

Moreover, equitable estoppel cannot revive a stale claim. *Bonin v. Provident Life & Accident Ins. Co.*, 2015 WL 1967260, at *3–4 (N.D. Cal. May 1, 2015). Under the *Upadhyay* framework, which this Court discussed in its prior Order and further explains below, Doty was required to file suit no later than November 10, 2018. (Prior JOP Order at 5–6.) By the time Doty submitted proof of loss in September or October 2021, the contractual limitations period had long since run. Notably, Doty was represented by counsel throughout the claims process,[5] and "[i]n

[4] Plaintiff cites the case *Moss v. Provident Life and Accident Insurance Company*, 2009 WL 4348607 (S.D. Cal. 2009), which does not exist. The Court believes that plaintiff intended to cite *Moss v. Provident Life & Accident Ins. Co.*, 2009 WL 10671659 (S.D. Cal. Aug. 12, 2009). That case does not stand for the proposition for which plaintiff cites it, nor does it include the quoted language. Rather, the case holds the opposite—that a plaintiff could not assert equitable estoppel to defeat a contractual limitations argument.

The Court is concerned that plaintiff's counsel relied on an artificial intelligence tool that generated a nonexistent case citation. Counsel is on notice that any future submission of nonexistent authority may result in appropriate sanctions.

[5] Although plaintiff argues that Doty was not represented prior to November 2020, counsel must still appropriately litigate Doty's claim such that it comports with the policy's requirements. Holding otherwise would nullify the contractual limitations period where an insured is not

general, the law particularly disfavors estoppe[l] where the party attempting to raise the estoppel is represented by an attorney at law." *Steinhart v. Cnty. of Los Angeles*, 47 Cal.4th 1298, 1316 (2010).

*Second*, Provident was not required to notify Doty of the contractual limitations period prior to Doty submitting notice of his claim. Arguing otherwise is illogical as it unreasonably places a burden on insurers to warn about limitations periods for unidentified claims. Doty, on the other hand, executed the policy and was on notice of the terms included in the policy.

Plaintiff relies on two Department of Insurance regulations (10 CCR § 2695.4(a) and 10 CCR § 2695.7(f)) to support her argument. Neither applies because the regulations addresses scenarios where a claim has already been presented to an insurer (§ 2695.4(a)) or where the insured is *no*t represented by counsel (§ 2695.7(f)). *See Superior Dispatch, Inc. v. Ins. Corp. of New York*, 181 Cal.App.4th 175, 188–90 (2010). Moreover, once Doty notified Provident of his claim, Provident cautioned Doty in written denial communications that "[t]he policy under which you are insured has a provision which states, in part, that no lawsuit or legal action shall be brought to recover on the policy after 3 years from the date proof of loss is required." (Dkt. No. 51-1.)

Finally, plaintiff fails to allege facts that meet the elements of equitable estoppel. A plaintiff must allege "(a) a representation or concealment of material facts; (b) made with knowledge, actual or virtual, of the facts; (c) to a party ignorant, actually and permissibly, of the truth; (d) with the intention, actual or virtual, that the ignorant party act on it; and (e) that party was induced to act on it." *Simmons v. Ghaderi*, 44 Cal.4th 570, 584 (2008). Plaintiff does not allege facts that suggest that Provident was aware of Doty's claim prior to notice. Equitable estoppel cannot save plaintiff's claims.

*4. Grace Period*

Plaintiff next argues that under Doty's policy any delay in submitting proof of loss should be excused because "it was not reasonably possible for [Doty] to give written proof in the time required." (SAC ¶ 44.) Plaintiff alleges that Doty's condition "substantially impaired his ability to attend to administrative matters unrelated to his immediate medical care and his extremely demanding professional duties." (*Id.* ¶ 97.)

---

represented. Counsel may not use Doty's ignorance of a prior *potential* claim for residual benefits to expand the period for which plaintiff may recover.

United States District Court
Northern District of California

Again, that argument fails. The Court is not required to make unreasonable, and implausible, inferences. None of plaintiff's allegations suggest that it was not reasonably possible for Doty to submit proof of loss, particularly where plaintiff simultaneously alleges that Doty continued working as a neurosurgeon. (*Id.* ¶¶ 8, 37, 94.) That Doty may have been too busy is not a legal defense. As a neurosurgeon, he unquestionably had the capacity to submit proof of loss. Whether the grace period applies, however, is beside the point. It nonetheless requires that Doty furnish proof "no later than one year after the 90 day [period]." As the Court previously ruled, the period cannot save Doty's delayed claim (Prior JOP Order at 6–7) and cannot overcome the separate contractual limitations period that required Doty to file any legal action within "three years from the time proof of loss is required." (SAC, Ex. 1 at 18.)

*5. Vague and Ambiguous Provisions*

Finally, plaintiff argues that the contractual limitations provision is vague and ambiguous and should be construed against Provident. That argument is baseless. Both provisions are mandated by the California Insurance Code. *See* Cal. Ins. Code §§ 10350.7, 10350.11. Where a "clause in an insurance policy is authorized by statute, it is deemed consistent with public policy as established by the Legislature. In addition, the statute must be construed to implement the intent of the Legislature and should not be construed strictly against the insurer." *Prudential-LMI Com. Ins. v. Superior Ct.*, 51 Cal. 3d 674, 684 (1990); *see also NN Invs. Life Ins. Co. v. Superior Ct.,* 208 Cal.App.3d 1070, 1073–74 (1989).

In sum, the Court finds that the contractual limitations period applies.

**B. TIMELINESS**

Because the Court finds that the contractual limitations period applies, it must next determine whether Doty's claim was timely.

In its prior Order, the Court ruled that Doty's claims, as pled, were untimely under both plaintiff and Provident's proposed frameworks. (Prior JOP Order at 5–7.) Under Provident's proposed *Upadhyay* framework—which centers the timeliness inquiry on the onset date of the insured's disability—plaintiff's claim was untimely because Doty failed to take legal action prior to November 10, 2018. (*Id.* at 5–6.) By contrast, under plaintiff's proposed *Gray* framework—which centers the timeliness inquiry on the last date of the insured's disability—plaintiff's claim was

United States District Court
Northern District of California

untimely because Doty failed to take legal action prior to February 28, 2024. (*Id.*)[6] The Court did not select between the approaches because neither could salvage Doty's claim.

Plaintiff's amended complaint does not cure the defect. It primarily does three things: it (1) attempts to allege equitable estoppel (SAC ¶¶ 87–93); (2) confirms that Doty submitted proof of loss in September or October 2021, not November 2020 (*id.* ¶¶ 11, 12); and (3) clarifies that Doty submitted one claim for disability benefits that did not distinguish between residual and total disability (*id.* ¶ 86). None save plaintiff's claim for residual disability benefits from August 12, 2014 through December 1, 2019.

As to the first, plaintiff has not established grounds for equitable estoppel. (*See supra* § III.A.3.) As to the second, plaintiff confirms that Doty did not timely submit proof of loss. As to the third, it is a distinction without a difference. Plaintiff nonetheless seeks to recover benefits for Doty's residual disability from the August 12, 2014 to December 1, 2019 time period. Although plaintiff now argues that Provident, not Doty, split Doty's claim into total and residual disability claims, plaintiff nonetheless seeks to recoup funds for that period.

Inasmuch as plaintiff argues that the Court must apply the *Gray* framework and consider the "entire continuous period of disability" in examining the period for which Provident is liable, the Court now squarely rejects that argument. As the Court indicated in its prior Order, it is "persuaded by the framework affirmed in *Upadhyay*" which analyzes the disability period from the onset date—*not* the last date of disability. (Prior JOP Order at 5–8.) It cautioned plaintiff that "the *Gray* framework would effectively render the contractual limitations provisions mandated by Section 10350.11 meaningless in cases of continual disability." (*Id.* at 7.)

The Court remains persuaded by *Upadhyay*. That approach was affirmed by the Ninth Circuit, albeit in a nonprecedential opinion. *Upadhyay v. Aetna Life Ins. Co.*, 645 F.App'x 569 (9th Cir. 2016). It is also consistent with the text of the policy's proof of loss provision, which follows Section 10350.7 of the California Insurance Code. The provision distinguishes between two types of loss: "periodic payments for a continuing loss" and "any other loss." (SAC, Ex. 1 at 18.) The *Gray* approach would erase that distinction. Instead, a plaintiff could elect how to categorize their

[6] Each date provided Doty a one-year grace period despite that Doty failed to plead that he could not reasonably submit proof of loss within the time set forth in the policy (within 90 days after the period for which Provident is liable).

United States District Court
Northern District of California

disability—even if the disability, like here, continued for decades while medical records grew stale. Because the deadline to file legal action hinges on the date that proof of loss is required, defendants would be exposed to perpetual liability for continuing disabilities and to difficulties collecting evidence and fairly adjudicating claims.

The *Gray* court disregarded those concerns, explaining that "there appear to be few, if any, cases in which a claimant has delayed so long in filing an administrative claim as to make the limitations period absurd." *Gray v. United of Omaha Life Ins. Co.*, 251 F.Supp.3d 1317, 1327 (C.D. Cal. 2017). This case, however, is one.

The policy's contractual limitations provision bars plaintiff's claims.

## IV. CONCLUSION

The Court **GRANTS** Provident's motion to dismiss. Given the Court's prior analysis, the prior leave to amend, and the inability to change the key facts, the Court denies leave to amend as futile.

The parties shall meet and confer regarding next steps in this litigation—including as to Provident's pending counterclaims against plaintiff—and submit a case management statement within ten (10) days of this Order.

This terminates Dkt. No. 121.

**IT IS SO ORDERED.**

Dated: June 22, 2026

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE